# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 6, 2012

Lyle W. Cayce
Clerk

No. 11-50845
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JUAN FIDENCIO MARTINEZ-MATA, also known as Fidencio Martinez, also known as Juan Jose Martinez, also known as Juan Fidencio Martinez, also known as Juan Martinez, also known as Juan F. Martinez, also known as Juan Manuel Mata Rivera, also known as Juan Antonio Martinez, also known as Juan Fidencio, also known as Juan Fidencio Martinz, also known as Fedencio Martinez,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:11-CR-283-1

Before SMITH, BARKSDALE, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Juan Fidencio Martinez-Mata pleaded guilty, without the benefit of a plea agreement, to having been found unlawfully in the United States, after having been deported. His advisory Guidelines sentencing range was 24 to 30-months'

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

imprisonment, but the district court imposed a sentence of, *inter alia*, 60-months, explaining that Martinez had previously been removed from the United States on five occasions (twice following illegal-reentry convictions) and that he continued to flout the immigration laws and engage in other criminal conduct.

As he did at sentencing, Martinez challenges his sentence as substantively unreasonable. Post-*Booker*, the Sentencing Guidelines are advisory only, and a sentence is reviewed for reasonableness under an abuse-of-discretion standard, taking into account the totality of the circumstances. *Gall v. United States*, 552 U.S. 38, 51 (2007). Where, as here, the district court varies upward from the Guidelines range, our court must determine whether the sentence "unreasonably fails to reflect" the 18 U.S.C. § 3553(a) sentencing factors. *United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006). An above-Guidelines sentence is unreasonable if it: "(1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors". *Id.* The extent of the variance from the Guidelines range is also considered. *Id.* at 707.

Martinez' contention that his criminal-history score accounted for his past crimes and recidivism fails because the score did not take into account: several of his prior convictions; and that prior, more lenient sentences had not deterred him from continuing to reenter the country illegally. In any event, a district court may vary upward based on factors already considered by the Guidelines. *E.g.*, *United States v. Williams*, 517 F.3d 801, 809-13 (5th Cir. 2008). Moreover, these complaints amount to a mere disagreement with the weight the district court gave to the various sentencing factors and thus are insufficient to warrant reversal. *Gall*, 552 U.S. at 51 (explaining appellate courts will not reweigh sentencing factors).

Our court has previously rejected the contention that illegal reentry is merely a trespass offense that is treated too harshly under Guideline § 2L1.2.

No. 11-50845

*United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006).  Further, even if, as Martinez suggests, a shorter sentence would have been sufficient to deter him, that is insufficient to warrant reversal, given the district court's wide discretion.  *E.g.*, *United States v. York*, 600 F.3d 347, 361-62 (5th Cir. 2010).

Although the sentence represents a substantial increase from the Guidelines range, the district court was in the best position to judge Martinez and the circumstances of the offense, and the reasons given by the district court sufficiently support the sentence.  The court tied the reasons for its sentence to specific facts and particular 18 U.S.C. § 3553(a) factors, which were sufficient to justify the extent of the variance.  The court made an individualized assessment and was free to conclude, as it did, that in Martinez' case, the Guidelines range gave insufficient weight to some of the sentencing factors, including Martinez' history and characteristics, the need to protect the public, and the need to deter Martinez from continuing to violate the law.  18 U.S.C. § 3553(a).

AFFIRMED.